IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS JAMES KUNA-(JACOB), | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 16-cv-01143-JPG-RJD |
| | ) |
| DREW HIRSHFIELD, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on Plaintiff Thomas James Kuna-(Jacob)'s Motion (Doc. 2)) for Leave to Proceed *in forma pauperis*. A federal court may permit a party to proceed without full pre-payment of fees provided the party is indigent and the matter is not frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(a)(1) and (e)(B).

28 U.S.C. § 1915(e)(2)(B) provides that, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --- (B) the action or appeal --- (ii) fails to state a claim on which relief may be granted."

The Plaintiff is *pro se* and the Court must liberally construe *pro se* pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). A *pro se* complaint is not required to explicitly refer to the proper statute or legal theory in order to state a cause of action as long as relief is possible under that statute or theory consistent with the facts pled. *Kennedy v. National Juvenile Detention Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999), *cert. denied*, 120 S. Ct. 1169 (2000); *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1134 (7th Cir. 1992).

"Conventional legal doctrine deems a suit frivolous if it is apparent from a reading of the complaint that there is no need to await the defendant's answer or motion to dismiss, or discovery or legal research, to determine that the case is going nowhere—that there's no possibility of the court's having authority to provide relief to the plaintiff. *Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 807 (7th Cir. 2015).

In this case, the plaintiff has not plead a valid cause of action. There are no facts that allege defendant has engaged in any misconduct or that the plaintiff incurred damages because of the defendants' misconduct. Plaintiff's complaint is only a request for the Court to take various actions against the defendants without stating any specific facts that would justify such action. There are no facts that would allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, because there is no misconduct alleged.

Further, in light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"). The Court notes that there are no jurisdictional allegations.

Finally, the Court cannot determine whether the Plaintiff is indigent as it cannot read the Motion and Affidavit to Procced *in forma pauperis*. The plaintiff is permitted to attach additional pages, if needed, so that the figures are legible. It appears that the plaintiff is employed and has income from business, rents, pension and social security; however, it cannot determine the amount of each of these incomes. The Court also cannot read sections 5, 6, and 7. There is also a financial balance sheet attached to the plaintiff's complaint for, "Thomas J. Kuna-

(Jacob) & Associates, DBA." The Court is unsure what the relevance of the financial balance for a company that is not a party to this action. If it was intended to indicate the plaintiff's business income, it should be attached to his motion for *in forma pauperis*.

Given the numerous discrepancies in the plaintiff's complaint, the Court hereby **DISMISSES** the plaintiff complaint (Doc. 1) without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(a)(1) and (e)(B). Plaintiff is **GRANTED 30 days** from the date of this order to file an amended complaint. Plaintiff's Motion (Doc. 2) for *In Forma Paueris* is also **DENIED** with leave to file an amended motion and plaintiff is advised to use additional pages to ensure the information is legible.

The plaintiff is further advised to consult Federal Rules of Civil Procedure 8 and 15 along with Local Rule 15.1.

**IT IS SO ORDERED.**

**DATED:** 10/19/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**